IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| A. SHAHEED ABDULLAH,<br>ID # 19004139,<br>Plaintiff,<br>vs.<br><br>DALLAS SHERIFF'S OFFICE, et al.,<br>Defendants. | )<br>)<br>)<br>) No. 3:19-CV-1268-L-BH<br>)<br>)<br>) Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

The plaintiff, a inmate in the Dallas County Jail, filed this action against the defendants on May 28, 2019. (*See* doc. 3.) On that date, he was sent instructions that expressly stated, "You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case." (*See* doc. 2.) By *Notice of Deficiency and Order* dated May 29, 2019, he was notified that he had not filed his complaint on the proper form, and that he had neither paid the filing fee nor moved for leave to proceed *in forma pauperis* (IFP). (*See* doc. 5.) The plaintiff was ordered to file his complaint on the proper form and either pay the filing fee or file his IFP application with the required trust fund statement within thirty days, and he was specifically advised that failure to do so could result in the dismissal of his case. (*Id.*) The order also specifically advised the plaintiff that he must immediately notify the Court of any change of address and its effective date by filing a notice of change of address. (*Id.*)

On June 60, 2019, the plaintiff submitted his amended complaint on the proper form. (*See*

---

[1] By *Special Order No. 3-251*, this pro se prisoner case has been automatically referred for judicial screening.

doc. 8.) Page two of the form specifically states:

> **CHANGE OF ADDRESS**
>
> It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a **NOTICE TO THE COURT OF CHANGE OF ADDRESS** may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

(*See* doc. 8 at 2.) On July 1, 2019, he filed an IFP motion with a copy of an uncertified resident account summary. (*See* doc. 9.) By *Second Notice of Deficiency and Order* dated July 2, 2019, the plaintiff was notified that his IFP application still did not have enough information to decide if IFP status was appropriate because it did not include a certified copy of the trust fund statement (or institutional equivalent) as required by 28 U.S.C. § 1915(a)(2). (*See* doc. 10.) The plaintiff was again ordered to either pay the filing fee or file his IFP application with the required trust fund statement within thirty days, and he was again specifically advised that failure to do so could result in the dismissal of his case. (*Id.*) The order also specifically advised the plaintiff that he must immediately notify the Court of any change of address and its effective date by filing a notice of change of address. (*Id.*) More than thirty days from the date of the July 2, 2019 order passed, but the plaintiff did not pay the filing fee or file the required trust fund statement.

On October 21, 2019, the Court sent the plaintiff a questionnaire to obtain more information about his claims. (*See* doc. 11.) The questionnaire specifically advised the plaintiff that his answers to the questionnaire were due within thirty days, and that a failure to file his answers could result in the dismissal of his case. (*Id.*) On November 19, 2019, an order of the Court was returned as undeliverable because the plaintiff was no longer in the Dallas County Jail. (*See* doc. 13.) More than thirty days from the date of the questionnaire have passed, but the plaintiff has not filed his

answers or else in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The plaintiff failed to file a notice of change of address despite a warning that failure to do so could result in dismissal of the case, and a mailing from the Court has been returned as undeliverable as a result. He has also failed to comply with the order that he submit his answers to a questionnaire despite a warning that failure to do so could result in dismissal of the case.  Because the plaintiff failed to file a notice of change of address, follow a court order, or otherwise show that he intends to proceed with this case despite notice of the consequences of any failure to comply, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files a notice of change of address and his answers to the questionnaire within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED** on this 26th day of November, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See*

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4